**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121461

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Anthony Ayiomamitis,<br><br>     Plaintiff,<br><br>  v.<br><br>The Colossal Shop, Inc.,<br><br>     Defendant. | Case No:<br><br>**COMPLAINT** |

Plaintiff Anthony Ayiomamitis ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant The Colossal Shop, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates stock photography images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's photographs and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as thiscolossal.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's photographs on the Website and engaged in this

misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Anthony Ayiomamitis is an individual who is a citizen of the State of and maintains a principal place of business , in  County, .

7. On information and belief, Defendant The Colossal Shop, Inc., is a Illinois Corporation with a principal place of business at Chicago,  in Cook County, Illinois and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over The Colossal Shop, Inc. because The Colossal Shop, Inc. maintains its principal place of business in Illinois.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because The Colossal Shop, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the legal and rightful owners of photographs which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building its photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

15. The Colossal Shop, Inc. is the registered owner of the Website and is responsible for its content.

16. The Colossal Shop, Inc. is the operator of the Website and is responsible for its content.

17. The Website is popular and lucrative enterprises that purposefully display celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

18. The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profits from these activities.

19. On January 19, 2011 Plaintiff authored a photograph of Lunar scene taken from Parthenon, Greece (the "Photograph"). A copy of Photograph 1 is attached hereto as Exhibit 1.

20. The Photograph was registered by USCO on January 24, 2019 under Registration No. VA0002135713.

21. Plaintiff observed the Photograph on Defendant's domain www.eragem.com on May 2020. A copy of Screengrab of Defendant's website including Photograph 1 is attached hereto as Exhibit 2.

22. Plaintiff's retained Liebowitz Law Firm, PLLC (the "Firm"), specializes in enforcing the copyrights of photographers. The Firm's services include registering copyrights and searching the internet for infringing conduct on behalf of its clients.

23. At all relevant times, Plaintiff has worked as a photojournalist full-time.

24. Prior to retaining the Firm to enforce his copyrights, Plaintiff did not search the internet for infringing activity as part of his ordinary course of business.

25. No reasonably diligent copyright holder in Plaintiff's position would have discovered the Defendant's infringing conduct prior to retaining counsel.

26. Despite the Firm's best efforts, Plaintiff did not actually discover Defendant's infringing conduct until on or about May 2020.

27. Plaintiff observed the Photograph on Defendant's domain thiscolossal.com on May 28, 2020. A copy of Screengrab of Defendant's website including the Photograph is

attached hereto as Exhibit 2.

28. A copy of Photograph 1 was stored and displayed on Defendant's domain thiscolossal.com at the following URL: https://www.thisiscolossal.com/2011/03/this-week-in-astronomy/.

29. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed each of Plaintiff copyright protected photographs as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

30. On information and belief, the Photograph was copied, modified, stored and/or displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement"* and collectively the "*Infringement*").

31. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

32. The Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

33. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photograph.

34. On information and belief, the Photograph were volitionally posted to the Website by Defendant's employees ("Employees").

35. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they volitionally posted the Infringement.

36. On information and belief, at all material times the Employees were acting

within the course and scope of their agency when they volitionally posted the Infringement.

37. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

38. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

39. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

40. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

41. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

42. On information and belief, Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

43. On information and belief, Defendant monitors the content on its Website.

44. On information and belief, Defendant's Employees actively review, modify delete and/or "clean" postings and threads thereby having constructive notice of its contents.

45. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement. Specifically, by way of the Infringement, the Website had increased traffic to the and, in turn, realized an increase its advertising revenues and/or merchandise sales.

46. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

47. On information and belief, Defendant at all times had the ability to stop the

reproduction and display of Plaintiff's copyrighted material.

48. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

49. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

50. The Photograph are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

51. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

52. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

53. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

54. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded damages against Defendant pursuant to 17 U.S.C. §504(b) in an amount to be proven at trial.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Damages against Defendant pursuant to 17 U.S.C. §504(b) in an amount to be proven at trial; and

b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

c. Plaintiff's costs; together with

d. Such other relief that the Court determines is just and proper.

DATED: February 15, 2021

**BARSHAY SANDERS, PLLC**

By: /s/ Craig B. Sanders
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121461